STATE of Missouri, Plaintiff–
Respondent,

v.

Diana JURDAN, Defendant–Appellant.

No. 17159.

Missouri Court of Appeals,
Southern District,
Division Two.

July 26, 1991.

Joe Zuzul, Nevada, for defendant-appellant.

No brief filed, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant guilty of driving while intoxicated, a Class B misdemeanor, § 577.010,[1] and resisting arrest, a Class A misdemeanor, § 575.150. She was sentenced on the driving while intoxicated conviction to a jail term of 90 days and a fine of $100. She was sentenced on the resisting arrest conviction to a jail term of six months and a fine of $100. The jail sentences are to run concurrently. Defendant appeals.

Count I of the three-count information charged the defendant with driving a motor vehicle while intoxicated on April 20, 1990, in Cedar County. Count II charged the defendant with driving a motor vehicle while intoxicated on March 17, 1990, in Cedar County. Count III charged the defendant with resisting arrest on March 17, 1990, in Cedar County. The arrest arose out of the offense charged in Count II. The jury found defendant not guilty on Count I and guilty on Count II and Count III.

Defendant's first point is that the trial court erred in overruling her "objection to the consolidation and joinder" of Count I

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

with Counts II and III "because the offenses were not of the same or similar character in that the April 20, 1990 driving while intoxicated charge contained no allegations concerning resisting arrest and was not perpetrated in a manner so similar that it was likely that the same person committed both the April 20, 1990 driving while intoxicated offense or the March 17, 1990 driving while intoxicated offense, nor were similar tactics employed in the commission of the two driving while intoxicated offenses."

The state, as respondent, has not favored this court with a brief.

When a defendant is charged with more than one offense in the same information, the offenses shall be tried jointly unless the court orders an offense to be tried separately. Rule 24.07. The rule provides that an offense shall be tried separately only if three separate requirements are met, the first being a written motion filed by the party requesting a separate trial. No such motion was filed here. Accordingly, defendant may not and does not complain about the failure of the trial court to order separate trials. Defendant asserts that the trial court erred in permitting the joinder of the offenses in one information.

Rule 23.05 reads, in pertinent part:

"All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same ... information in separate counts."

■ The offense charged in Count I was driving while intoxicated. The same offense was charged in Count II. Although those offenses are of the same or similar character, they are not merely that. They are the same offense committed on different dates, and their joinder was proper. Count II was properly joined with Count III because they were part of the same transaction. Count I and Count III, in the absence of Count II, did not bear any relationship to each other which would meet any of the requirements of Rule 23.05.

The presence of Count II, however, permitted each of the other two counts to be pleaded in the same information.

This court holds that joinder of all three counts in the same information was proper under Rule 23.05. See, generally, *State v. Johnson*, 753 S.W.2d 576 (Mo.App.1988), where this court discussed the present version of Rule 23.05 and § 545.140.2, which was enacted in 1984 and deals with charging two or more offenses in the same information. See also Rule 19.02. Defendant's first point has no merit.

Defendant's second point is that the trial court erred in overruling her motion to strike venireperson Schrock for cause "because after stating he had personal convictions against consumption of alcohol and the fact that the charge involved two driving while intoxicated offenses raised a question in his mind [he] did not unequivocally state that these two factors would not affect his ability to presume defendant innocent in that [Schrock] stated in effect that he did not think he would not presume innocence before the trial began and he thought he could have an open mind about it."

During voir dire by defense counsel, the following occurred:

"THE COURT: Now, what's the question again, Rebecca, exactly?

DEFENSE COUNSEL: Whether he has a moral or religious conviction as to whether drinking alcohol is absolutely wrong. Okay. On the first row.

MR. SCHROCK: William Schrock.

· · · · ·

DEFENSE COUNSEL: Mr. Schrock, do you believe that—or do you have any doubt as to whether that belief of yours would interfere with your judgment?

MR. SCHROCK: I believe that excessive alcohol is scripturally wrong.

DEFENSE COUNSEL: Okay. Do you think that that belief would sway you one way or other, not based on the evidence, but based on your belief?

MR. SCHROCK: I think (inaudible) the evidence. We've got two charges here, you know, I guess I have a question.

DEFENSE COUNSEL: Okay. You already have a question in your mind because there are two charges? Is that what you said?

MR. SCHROCK: (Inaudible).

DEFENSE COUNSEL: Okay. So before we even begin the trial, are you saying that you already have a problem with the presumption of innocence that you're already beginning to—to question the innocence and not presume not presuming innocence before we even begin the trial?

MR. SCHROCK: No, I don't think I'm saying that. I just—It just came to my mind, so I'm being honest and telling you about this. I think I can have an open mind about it. You had mentioned it. I'm telling you that I think (inaudible)."

Later, during a bench conference, the following occurred:

"DEFENSE COUNSEL: We would challenge Mr. Schrock for cause. He was one who indicated that he was already questioning because there were two charges brought against Ms. Jurdan and was already questioning as to the innocence.

PROSECUTOR: Can I respond to that?

THE COURT: Uh-huh.

PROSECUTOR: He clarified what he was stating, Your Honor, stating that, because of the fact that there were two charges, he said that there was something in his—placed in his mind that he—further clarified and said that he felt he could sit that aside and base the—listen to the case and base his judgment solely upon the evidence.

THE COURT: As I recall, Mr. Schrock said that he believed drinking in excess was Biblical wrong, but that he would weigh the evidence, that the fact that there were two charges did create a question in his mind. He didn't state how it created a question. But he said that he would have an open mind and listen to the evidence. So that challenge for cause is also denied."

Defendant used a peremptory challenge to remove Schrock.

■ A defendant is entitled to a full panel of qualified jurors before being required to make peremptory challenges, and a trial court's failure to sustain a meritorious challenge for cause constitutes prejudicial error. *State v. Wacaser*, 794 S.W.2d 190, 193 (Mo.banc 1990). The trial court has wide discretion in determining the qualifications of a prospective juror and its ruling will be disturbed on appeal only "when clearly against the evidence and it constitutes an abuse of discretion." *State v. Johnson*, 722 S.W.2d 62, 65 (Mo.banc 1986).

■ The foregoing record of the voir dire examination of Schrock is contained in the transcript which was based on a tape recording. Portions of Mr. Schrock's responses were inaudible, but neither at the trial nor in her brief on this appeal has defendant questioned the accuracy of the court's recapitulation of Mr. Schrock's inaudible answers.

This court holds that the trial court did not abuse its discretion in denying defendant's challenge for cause. Defendant's second point has no merit.

The judgment is affirmed.

SHRUM, P.J., and MAUS, J., concur.